CITY OF RIALTO, a California municipal corporation; Rialto Utility Authority, a Joint Powers Authority organized and existing under the law of the State of California, Plaintiffs,

and

Goodrich Corporation, a New York corporation, Plaintiff—Appellant,

v.

UNITED STATES DEPARTMENT OF DEFENSE; et al., Defendants,

and

County of San Bernardino; et al., Defendants—Appellees.

City of Rialto, a California municipal corporation; Rialto Utility Authority, a Joint Powers Authority organized and existing under the law of the State of California, Plaintiffs—Appellants,

v.

United States Department of Defense; et al., Defendants—Appellees.

Nos. 05–56694, 05–56749.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed April 17, 2008.

Robert A. Owen, Esq., Owen & Bradley, A Professional Corporation, San Bernardino, CA, Scott A. Sommer, Esq., Julie E. Macedo, Esq., Pillsbury Winthrop Shaw

Pittman LLP, San Francisco, CA, for Plaintiffs.

Michael K. Murphy, Esq., Gibson Dunn & Crutcher, LLP, Washington, DC, Jeffrey D. Dintzer, Esq., Gibson Dunn & Crutcher, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Christopher Tyler Johnson, Esq., Peter Edward Masaitis, Esq., Ronald M. Spritzer, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Dongell Lawrence Finney, Suzette Clover, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Weston Benshoof Rochefort Rubalcava & MacCuish, Steven J. Renshaw, Esq., Shea Stokes & Carter, A Law Corporation, Allan E. Anderson, Esq., Ropers, Majeski, Kohn & Bentley, Ross Harris Hirsch, Esq., Stanzler Funderbuk Castellon, Michael Hickok, Esq., Seyfarth Shaw, LLP, Joan Mack, Esq., Caldwell, Leslie, Newcombe and Pettit, A Professional Corporation, Los Angeles, CA, Henry Lerner, Esq., Allen Matkins Leck Gamble Mallory & Natsis, LLP, San Francisco, CA, Harland L. Burge, Jr., Esq., Burge & Strid, Laguna Hills, CA, Downey Brand, LLP, Sacramento, CA, David C. Solinger, Esq., Law Offices of David C. Solinger, Woodland Hills, CA, John Van Vlear, Esq., Voss, Cook & Thel, Newport Beach, CA, for Defendants.

County of San Bernardino, San Bernardino, CA, pro se.

Joel S. Moskowitz, Esq., Moskowitz Brestoff Winston & Blinderman, LLP, Tina R. Hernandez, Kirkland & Ellis, LLP, Los Angeles, CA, Ronald D. Reitz, Esq., Thomas N. Jacobson, Esq., Gresham Savage Nolan & Tilden LLP, San Bernardino, CA, for Defendants–Appellees.

James L. Meeder, Esq., for Emhart Industries, Inc.

Timothy P. Gallagher, Esq., Gallagher & Gallagher, Los Angeles, CA, for County of San Bernardino.

Before: KOZINSKI, Chief Judge, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Goodrich Corporation ("Goodrich"), the City of Rialto, and Rialto Utility Authority (together "Rialto") brought suit under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675 ("CERCLA"), seeking to recover substantial remediation costs they had respectively incurred.[1] The district court consolidated these actions because both were based on the same events and were brought against many of the same defendants.

The district court subsequently granted a motion by defendant United States Department of Defense for judgment on the pleadings with respect to Claim Two of Rialto's complaint, which sought contribution under CERCLA § 107(a), 42 U.S.C. § 9607. The district court dismissed the § 107 contribution claim and directed the entry of a separate judgment pursuant to Federal Rule of Civil Procedure 54(b) on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the complicated factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

Rialto's § 107 claim. Both Rialto and Goodrich filed timely notices of appeal from the separate judgment.[2]

### 1. Goodrich's Appeal

■ The defendants contend that we do not have jurisdiction over Goodrich's appeal.

Although Goodrich's complaint included a § 107 contribution claim that was substantially similar to Rialto's Claim Two, the district court did not rule on Goodrich's claim. The district court's Rule 54(b) order directing entry of a separate judgment applies only to the order dismissing Rialto's Claim Two. Thus, there is no separate, final judgment regarding Goodrich's action. We accordingly dismiss Goodrich's appeal for lack of appellate jurisdiction.

### 2. Rialto's Appeal

The district court dismissed Claim Two of Rialto's Third Amended Complaint, which sought contribution under CERCLA § 107, but the court did not address Claim One, which sought recovery of response costs pursuant to CERCLA § 107. On appeal, Rialto abandoned its claim for an *implied* right of contribution under § 107. We have jurisdiction over Rialto's appeal pursuant to 28 U.S.C. § 1291.

The district court relied on *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004). Subsequent to the district court's decision, the Supreme Court decided *United States v. Atlantic Research Corp.*, —— U.S. ——, 127 S.Ct. 2331, 168 L.Ed.2d 28 (2007). The Court examined the structure of § 107(a)(4) and concluded that "the plain language ... authorizes cost-recov-ery actions by any private party, including PRPs." *Id.* at 2336.

■ The Court explained that CERCLA § 113(f) grants an explicit right to contribution to PRPs and that § 107(a), by contrast, "permits recovery of cleanup costs but does not create a right to contribution.... Accordingly, the remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action 'to persons in different procedural circumstances.'" *Id.* at 2338 (quoting *Consol. Edison Co. v. UGI Utils., Inc.*, 423 F.3d 90, 99 (2d Cir.2005), *cert. denied*, —— U.S. ——, 127 S.Ct. 2995, 168 L.Ed.2d 702 (2007)). Under *Atlantic Research*, therefore, a PRP has the right to bring a cost-recovery action under § 107(a), but may not bring a claim for contribution under § 107.

Pursuant to *Atlantic Research*, we affirm the district court's dismissal of Rialto's claim for contribution under § 107. Rialto's cost recovery claim in Claim One, however, remains viable. Further, Rialto need not establish that it is not a PRP in order to pursue its cost recovery claim. The judgment of the district court is affirmed and the case remanded for further proceedings.

In No. 05–56694, the appeal is **DISMISSED.**

In No. 05–56749, **AFFIRMED and REMANDED.**

In both appeals, each party shall bear its own costs on appeal.

---

2. These appeals were consolidated for oral argument with *Kotrous v. Goss-Jewett Co.*, No. 06–15162, and *Adobe Lumber, Inc. v. Hellman*, No. 06–16019, which are disposed of by a separate opinion, filed concurrently with this memorandum disposition.